UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GUSTAVUS JOHNSON,

    Petitioner,

V.

FRANCISCO QUINTANA, WARDEN,

    Respondent.

Civil No. 5: 14-422-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

    Gustavus Johnson is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

    The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Johnson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On April 27, 2005, a federal grand jury sitting in Atlanta, Georgia handed down a six-count indictment charging Johnson and a co-defendant with possession with intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (C); possession and carrying of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Johnson*, No. 1:05-CR-194-ODE-CSC-1 (N.D. Ga. 2005).

On September 8, 2005, the government filed a notice pursuant to 21 U.S.C. § 851 that Johnson was subject to enhanced penalties under 21 U.S.C. § 841(b)(1) because he had two prior felony convictions for possession with intent to distribute cocaine, both in the Superior Court of Fulton County, Georgia, on April 3, 1997, in case number Z76739 and on January 9, 1998 in case number Z90942. *Id*. at R. 42.

On May 10, 2006, Johnson signed a written plea agreement in which he agreed to plead guilty to three of the counts in exchange for the dismissal of the remaining three. *Id.* at R. 72-1. The agreement specified that as a result of his guilty plea, he faced a minimum ten-year prison term with a maximum of life in prison. The government expressly agreed "that it will give formal notice that the defendant has only one prior conviction for a felony drug offense under 21 U.S.C. § 851." Nonetheless, Johnson agreed that:

> 6. … Notwithstanding the notice of prior conviction the government will provide under 21 U.S.C. § 851**, the defendant understands, agrees, and admits that he, in fact, has previously been convicted of at least two felony drug offenses as listed in the presentence report**. In addition, the defendant agrees that at no time will he either challenge or collaterally attack the validity of any of the prior drug felony convictions appearing in the presentence report or any prior drug felony conviction that serves as the basis for the sentencing enhancement under

2

> 21 U.S.C. § 851 in this case. Furthermore, the defendant fully understands and acknowledges that the government's promise and agreement to give notice of only one felony drug conviction under 21 U.S.C. § 851 constitutes consideration for the defendants promise and agreement to enter into a knowing, voluntary, and intelligent plea of guilty according to the terms of this plea agreement, and for the defendant's promise and agreement **not to challenge or collaterally attack any prior felony drug convictions listed in the presentence report or which serve as the basis for the sentence enhancement under 21 U.S.C. § 851 in this case.**

*Id*. at R. 72-1, pp. 3-4 (emphasis added). In addition to his waiver of the right to collaterally attack his underlying state convictions, Johnson separately waived his right to collaterally attack his soon-to-be imposed federal sentence:

> 17. To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range.

*Id*. at R. 72-1, p. 7.

Consistent with its obligations under the plea agreement, on October 25, 2006, the government moved for a downward departure in sentencing in light of Johnson's cooperation, resulting in a guidelines range of 235-293 months. [R. 80] On November 1, 2006, the Court sentenced Johnson to a cumulative 248-month term of incarceration, at the lower end of the guideline range. [R. 82]

Johnson subsequently filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied in light of his waiver of the right to collaterally attack his sentence. [R. 91, 103] Johnson filed a series of motions before the trial court and the Eighth Circuit Court of Appeals seeking relief from his sentence, without success.

**II**

In his present petition, Johnson contends that his presentence investigation report:

3

> … calculates him to be a career offender based on two previous prior felony convictions pursuant to U.S.S.G. § 4B1.1.  One of these convictions, however, a 1998 conviction in the Superior Court of Fulton County, Georgia, Criminal Action 290942, should not have counted as a predicate offense.

[R. 1, pp. 1-2]  Johnson contends that this 1998 conviction should not count as a predicate offense to qualify him for the career offender enhancement because four years of his five-year sentence for that state crime were suspended, with the remaining one year "commuted" to time served.  *Id*. at p. 2.  A September 8, 2014, letter from the United States Probation Office in Atlanta, Georgia, indicates that this state drug trafficking conviction "resulted in a two-point assessment since it was for a 'prior sentence of at least sixty days' [See § 4A1.1(b)]."  In addition, this state offense qualified as a predicate offense for purposes of § 4B1.1 because it was "punishable by imprisonment for a term exceeding one year," even if Johnson actually served no portion of the five-year prison term imposed.  [R. 1-3, pp. 2-3]

The Court must deny Johnson's petition for several reasons.

First, Johnson's claim is based upon a false factual premise: while Johnson expressly admitted that he had two valid predicate offenses and therefore was subject to the career offender enhancement of U.S.S.G. § 4B1.1, pursuant to Paragraph Six of his written plea agreement that enhancement was never actually applied when determining his sentence.  *United States v. Johnson*, No. 1:05-CR-194-ODE-CSC-1 (N.D. Ga. 2005) [R. 72-1, pp. 3-4 therein].  Instead, Johnson's single 1998 Fulton County conviction was used to apply a two-point enhancement pursuant to U.S.S.G. § 4A1.1(b).  [R. 1-3, pp. 2-3]

Of course, while § 4B1.1's career offender enhancement was not applied, § 4A1.1's two-point enhancement could have increased Johnson's guideline range and increased his resulting sentence.  But his petition must fail for a second reason: in his plea agreement, Johnson expressly

admitted that he had been convicted of two "felony drug offenses," under 21 U.S.C. § 851, a binding concession that his prior convictions were "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). This admission, particularly when coupled with his express waiver of the right to collaterally attack his federal sentence in Paragraph 17 of his plea agreement, precludes him from asserting his claim in this proceeding. Such plea waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Johnson pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that *Begay* claim asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally attack conviction); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Even if Johnson could circumvent his express waiver of his right to collaterally attack his sentence, his challenge to his sentence – as opposed to his conviction – is not cognizable in a habeas corpus proceeding under § 2241. *United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] ... not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition

5

challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."). *See also Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) ("The duration of Contreras's sentence is not the proper subject of a petition for habeas corpus relief under section 2241.") (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241.") (citing *Raymer v. Barron*, 82 F. App'x 431 (6th Cir. 2003)). The Court must therefore deny Johnson's petition as both substantively meritless and procedurally improper.

Accordingly, **IT IS ORDERED** that:

1. Johnson's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Dated February 13, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY